

# SEALED

**Office of the United States Attorney**
District of Nevada
501 Las Vegas Boulevard, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

SIGAL CHATTAH
United States Attorney
District of Nevada
Nevada Bar No. 8264
RICHARD ANTHONY LOPEZ
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6418
tony.lopez@usdoj.gov
*Attorneys for the United States of America*



FILED / ENTERED / RECEIVED / SERVED ON
COUNSEL/PARTIES OF RECORD
JUN 25 2025
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **SEALED CRIMINAL INDICTMENT** |
| Plaintiff, | |
| v. | Case No. 2:25-cr-0186-RFB-MDC |
| HAIPENG DAI, and | **VIOLATIONS:** Mail Fraud (18 U.S.C. § 1341) |
| ZHIPENG DAI, | Wire Fraud (18 U.S.C. § 1343) |
| Defendants. | |

**THE GRAND JURY CHARGES THAT:**

### INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1. Defendants Haipeng Dai and Zhipeng Dai were residents of Las Vegas, Nevada.

2. The United States Postal Service ("USPS") provided shipping services to customers. For certain types of mail, USPS automatically included insurance, which provided coverage for packages shipped through the Postal Service that were lost, rifled, or damaged in transit.

3. When a package was lost, rifled, or damaged, either the sender or the recipient of the package could file an insurance claim with USPS online or by going to a Post Office. USPS required that these claims include: (a) proof of insurance; (b) proof of the value of the item; and (c) if applicable, proof of damage to the item. Once a claimant provided some or all of this information to USPS, USPS would evaluate the claim. If the USPS approved the claim, USPS would mail a check for the amount of loss to the claimant.

### THE SCHEME TO DEFRAUD

4. Beginning at least as early as June 15, 2015, and continuing until in or about October 2020, in the State and Federal District of Nevada and elsewhere,

**HAIPENG DAI and ZHIPENG DAI,**

defendants herein, aiding and abetting one another, participated in and devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises.

5. The purpose of the scheme and artifice to defraud was for defendants to unlawfully enrich themselves by causing the submission of materially false insurance claims to USPS and private shipping companies.

6. It was part of the scheme that Defendants operated online stores through websites like eBay that sold various items.

7. When defendants sold an item, they sent that item to the buyer in a package shipped by USPS or a private company.

8. Defendants would later submit false claims with USPS or the private company, falsely claiming that the item had been lost, damaged, or rifled in transit.

9.  Upon processing the false and fraudulent claims filed by defendants, USPS or the private company would issue and mail checks to defendants and their businesses to cover the purported losses. Upon receipt of those checks, defendants would deposit the checks into bank accounts owned by defendants.

10. Through the fraudulent scheme described above, defendants submitted more than 15,000 false insurance claims and received more than $1.5 million to which they were not entitled.

## COUNTS ONE TO SEVEN
### Mail Fraud
### (18 U.S.C. § 1341)

11. Paragraphs One through Ten above are hereby re-alleged and incorporated by reference as if fully set forth here.

12. On or about the dates below, in the State and Federal District of Nevada and elsewhere,

**HAIPENG DAI and ZHIPENG DAI,**

defendants herein, aiding and abetting one another, for the purpose of executing the above scheme, and attempting to do so, caused the items below to be sent and delivered to within the District of Nevada, by mail and private and commercial interstate carrier, each mailing a separate violation of 18 U.S.C. § 1341:

| COUNT | DATE | ITEM MAILED |
|---|---|---|
| ONE | 6/25/2020 | Postal Service check No.0314158570 payable to Starstar Dai 293 in the amount of $99.89 |
| TWO | 7/8/2020 | Postal Service check No. 0314183881 payable to Corp SuperSuper Unit 755 in the amount of $99.88 |
| THREE | 7/9/2020 | Postal Service check No. 0314187010 payable to Corp SuperSuper #519 in the amount of $99.88 |
| FOUR | 7/17/2020 | Postal Service check No. 0314204588 payable to Corp SuperSuper Unit 755 in the amount of $99.88 |
| FIVE | 7/20/2020 | Postal Service check No. 0314205977 payable to Corp SuperSuper A4-228 in the amount of $99.88 |

| COUNT | DATE | ITEM MAILED |
|---|---|---|
| SIX | 7/22/2020 | Postal Service check No. 0314205984 payable to Starstar Suite 4-17 in the amount of $99.99 |
| SEVEN | 7/30/2020 | Postal Service check No.0314242147 payable to Corp SuperSuper A4-228 in the amount of $99.88 |

### COUNTS EIGHT TO FIFTEEN
### Wire Fraud
### (18 U.S.C. § 1343)

13. Paragraphs One through Ten above are hereby re-alleged and incorporated by reference as if fully set forth here.

14. On or about the dates below, in the State and Federal District of Nevada and elsewhere,

**HAIPENG DAI and ZHIPENG DAI,**

defendants herein, aiding and abetting one another, for the purpose of executing the above scheme, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds associated with the deposit of the checks described below, each wire communication a separate violation of 18 U.S.C. § 1343:

| COUNT | DATE | CHECK DEPOSITED |
|---|---|---|
| EIGHT | 6/29/2020 | Postal Service check No. 0314133972 payable to StarstarLLC 172 in the amount of $99.97 |
| NINE | 6/29/2020 | Postal Service check No. 0314152481 payable to hai dai 4-17 in the amount of $99.97 |
| TEN | 6/29/2020 | Postal Service check No. 0314152483 payable to hai dai 4-17 in the amount of $99.96 |
| ELEVEN | 6/30/2020 | Postal Service check No. 0314155343 payable to Haipeng 102-366 in the amount of $99.99 |
| TWELVE | 7/3/2020 | Postal Service check No. 0314155280 payable to HaiDai 293 in the amount of $99.89 |
| THIRTEEN | 7/3/2020 | Postal Service check No.0314155321 payable to Sink Sale Online in the amount of $99.95 |
| FOURTEEN | 8/31/2020 | Postal Service check No. 0320045916 payable to Corp SuperSuper Ste 100-323 in the amount of $99.88 |
| FIFTEEN | 9/14/2020 | Postal Service check No.0320074100 payable to Corp SuperSuper A4-228 in the amount of $99.88 |

## FORFEITURE ALLEGATION
### *Mail Fraud; Wire Fraud*

15. The allegations contained in Counts One through Fifteen of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c).

16. Upon conviction of any of the felony offenses charged in Counts One through Fifteen of this Criminal Indictment,

**HAIPENG DAI AND ZHIPENG DAI,**

defendants herein, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1341 and 1343, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offenses, an in personam criminal forfeiture money judgment including, but not limited to, at least $1,800,000 (property);

17. If any property being subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), as a result of any act or omission of the defendants –

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, under 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants for the in personam criminal forfeiture money judgment including, but not limited to, at least $1,800,000.

18. All under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. §§ 1341 and 1343; and 21 U.S.C. § 853(p).

DATED this 25th day of June, 2025.

**A TRUE BILL:**

/S/
FOREPERSON OF THE GRAND JURY

SIGAL CHATTAH
United States Attorney

RICHARD ANTHONY LOPEZ
Assistant United States Attorney